■ In the Matter of the TOWN BOARD OF THE TOWN OF CLARKSTOWN et al., Appellants, v. RUBIN STERNGASS et al., Respondents.— In an action to enjoin defendants, inter alia, from (1) constructing and completing construction of year-round residences upon certain real property and (2) using, renting, letting and selling them for human habitation, plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered March 20, 1974, in favor of defendants, after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and defendants are enjoined from using, renting or selling any residence situated on the subject property for purposes of human habitation until a building permit shall have been issued for such residence for the alterations or structural repairs described below. The removal of existing space heaters and their replacement by hot water heating systems, the complete demolition of existing wooden sheds (down to the concrete slab), the erection of a new cinder block shed and the enclosure of the crawl space with cinder block construction — all of which work had been concededly performed on defendants' buildings — constitute either alterations or structural repairs within the meaning of the Zoning Ordinance of the Town of Clarkstown, and accordingly require a building permit. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Benjamin, JJ., concur.